UNITED STATES CASUALTY COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, FRANCISCO TORRES AGUIAR, JUDGE, Respondent; RAÚL GAYÁ BENEJÁM, INC., and THE PORTO RICAN AND AMERICAN INS. CO., Interveners.

No. 2206. Argued January 15, 1957.—Decided March 25, 1957.

*Emilio de Aldrey* for petitioner. *Córdova & González* and *Carlos Cebollero* for interveners, defendants in the main action. *Gaetán Roberts & Alcalá* and *Wilfrido Roberts* for plaintiffs in the main action. *F. Fernández Cuyar* for the uninsured employer.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Workman José Robles Rosa died as a result of injuries received in an automobile accident. His heirs filed an action for damages against Ramón Maldonado Martínez, United States Casualty Co., Raúl Gayá Benejám, Inc. and Porto Rican and American Ins. Co. The complaint alleged, in

brief, that on February 17, 1953, the deceased José Robles Rosa was traveling in a truck, license No. HPA 92775, driven then and there by its owner, defendant Ramón Maldonado Martínez, such vehicle being insured by codefendant United States Casualty Co.; that in the stretch of road between Bayamón and Santurce the truck collided with a vehicle, license No. H-80281, owned by Raúl Gayá Benejám, Inc., driven then and there by an employee of the latter; that this truck, license No. H-80281, was insured by the Porto Rican and American Ins. Co.; that the accident was due to the combined negligence of the drivers of both vehicles; that the injuries received in the accident by workman José Robles Rosa caused his sudden death; that the Industrial Commission entered a decision determining that workman José Robles Rosa had lost his life in a labor accident and in the course of his work, while working for the uninsured employer Alberto H. Biascoechea; that the Manager of the State Insurance Fund had failed to file within the statutory period, an action for the damages suffered by the beneficiaries and heirs of the deceased workman against the persons responsible for his death. Finally, the complaint sets forth the damages suffered by the plaintiffs and prays for judgment for the amount of such damages.

Codefendant United States Casualty Co., insurer of the vehicle in which the deceased workman traveled, filed a motion for summary judgment based on that "the policy issued by the codefendant United States Casualty Co. covering truck HPA-92775 does not cover passengers or any other person traveling in the truck. The policy only covers road hazards, that is, the damages inflicted on pedestrians or third persons not traveling in the truck." This motion was amended in open court in order to insert the additional ground that the policy did not cover any person already covered by workmen's compensation laws.

Plaintiffs, as well as the other codefendants, objected to

the motion for summary judgment. After a hearing, the lower court entered an order denying the motion. To review this order we issue this writ of certiorari.

■■ As to the first ground of the motion for summary judgment, the petitioner urges that the only *passengers* covered by the law and the policy are those traveling in public vehicles (PA) used for the transportation of passengers for pay and that, therefore, the persons traveling in heavy motor vehicles with an HPA license are excluded.

Petitioner is not right. Act No. 7 of June 30, 1947, amending Act No. 279 of April 5, 1946, provides in its § 10(a),[1] the following:

"§ 180.—Public Service Automobile Insurance

"(a) Every motor vehicle with a capacity of not more than ten (10) passengers, used as a public carrier in the transportation of passengers for pay, and every motor vehicle used for the transportation of passengers for pay which is considered as a working tool, and likewise every commercial vehicle considered as a working tool of its owner, shall, in addition to the fees hereinbefore prescribed, pay the sum of twenty-nine (29) dollars in special internal-revenue stamps with the words 'Auto Público Asegurado'; and every heavy motor vehicle considered as a working tool of its owner shall, in addition to the fees hereinbefore prescribed, pay the sum of forty-nine (49) dollars in special internal-revenue stamps with the words 'Auto Público Asegurado.' The said sums shall be payable within the period from July 1 to July 15 of each year. Said annual sum of twenty-nine (29) dollars or forty-nine (49) dollars, as the case may be, or such part thereof corresponding to the fraction of a year, shall be covered into a special fund in the Treasury of Puerto Rico, at the disposal of the Secretary, *and shall be used by the latter to pay the premium on an insurance policy covering accidents caused by said vehicle to passengers traveling therein, to the driver, and to third persons, or any other additional risk which the insurance company may be willing to underwrite, . . ."* (Italics ours).

[1] 9 L.P.R.A., § 180.

In our opinion, the language of the statute which is in italics is clear and does not allow, with any ring of reason, the interpretation which petitioner gives it. The additional sum of $49.00 paid as fees by the heavy motor vehicle which is considered as a working tool of its owner, is used by the Secretary of Public Works, as provided by the law, "to pay the premium on an insurance policy covering accidents caused by said vehicle *to passengers traveling therein*, to the driver, and to third persons, or any other additional risk which the insurance company may be willing to underwrite, . . ." The lawmaker made no distinction between passengers traveling in public vehicles used for the transportation of passengers for pay and those traveling in heavy motor vehicles (HPA). Nor does it appear from the law, as petitioner alleges, that when the lawmaker employed the word *passengers* he exclusively referred to those traveling in public vehicles (PA). Contrariwise, according to our interpretation the statute actually provides that the insurance shall cover accidents caused by the insured vehicle (*Auto Público Asegurado*) to the passengers traveling therein, to the driver, and to third persons, whether it is a motor vehicle used as a public carrier in the transportation of passengers for pay or a commercial vehicle or a heavy motor vehicle. The word "passenger" as has been used in this act includes all persons, except the driver, who travel in motor vehicles belonging to any of the three classes or categories of insured public vehicles previously mentioned.[2]

---

[2] As correctly stated by the lower court, it is highly significant that Act No. 78 was approved on June 17, 1955, prohibiting "the transportation of *passengers*" either for pay or gratuitously, in motor vehicles which by their structure had not been expressly designed for such transportation, including specifically those defined in Act No. 279 of April 5, 1946 "*as heavy motor vehicles*. . . ." That Act, however, provides that such prohibition shall not apply to "*workmen* engaged in the work of loading and unloading, which workmen shall, together with the driver, travel in the cab of the vehicle."

 On the other hand, the policy in question contains the following clauses: [3]

"I—Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

" . . . . . . .

"Coverages as Afforded Under This Policy

"In consideration of the payment by the named insured to the company of a premium of Forty Nine & 00/100 Dollars ($49) per vehicle insured under this policy, the company agrees to give the following coverages:—

"Under Coverage 'A'—Bodily injury liability—Insurance as afforded under this policy, subject to the following limits:—

"Road Hazard Only.......... $1,000.00 one person
$5,000.00 one accident."

The petitioner contends, and in our opinion erroneously, that the accident in which the workman and predecessor of the plaintiffs lost his life, does not fall within the concept "road hazards" used in the policy, because the workman traveled in one of the trucks involved in the collision. In other words, that according to the policy, the only persons exposed to the road hazards are those not traveling in the insured vehicle which might cause an accident, when it is not the case of a (PA) vehicle used for the transportation of passengers for pay. Of course, this argument rests on the incorrect premise, as we previously stated, that the persons traveling in a heavy HPA motor vehicle are not *passengers*, and therefore, that they are not covered by the policy. We assume that the petitioner does not contend that the passengers of a PA vehicle are not exposed to road haz-

---

[3] The policy is drafted in English and therefore the clauses copied above are quoted from the original.

ards and are, therefore, excluded from the policy. The law expressly includes passengers in the insurance policy and it does not limit the liability of the insurance company to the damages which third persons not traveling in the insured vehicle may suffer.

But even if the concept of "road hazards" were construed as limiting the liability of the Company to third persons, the passengers of the vehicle would anyway be covered by the policy because (1) the policy itself provides that the terms which are in conflict with the statutes of the state where the policy is issued, must be considered amended to conform to the statute, and (2) because even in the absence of such clause, an insurance policy issued by virtue of and in compliance with a statutory provision should conform to the terms of the statute since the latter is considered as forming a part of the policy and no restriction contained therein must prevail over what is otherwise provided by the statute. *González* v. *Santos*, 75 P.R.R. 883.

Petitioner's other contention lacks merit under the facts of this case. One of the clauses of the insurance contract provides that the policy shall not include under coverage "A" any obligation for which the insured or any company as his insurer, may be held liable under any workmen's compensation law. The deceased workman was not an employee of the insured Ramón Maldonado Martínez. On the contrary, as alleged in the complaint, the Industrial Commission of Puerto Rico entered a decision determining that workman José Robles Rosa had lost his life in a labor accident and in the course of his employment while working for the uninsured employer Alberto H. Biascoechea. And, according to the averments of a third-party complaint appearing in the record, Biascoechea paid to the beneficiaries of the deceased workman the corresponding compensation. Therefore, the aforecited clause of the policy does not apply to the facts of this case.

For the foregoing reasons, the writ issued will be quashed and the case remanded to the lower court for further proceedings.